**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KERWIN D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-255-TIA |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kerwin D. Scott (registration no. 520941), an inmate at the Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2], as well as his motions for appointment of counsel [Docs. #4 and #17].  For the reasons stated below, the Court will assess an initial partial filing fee of $42.79, *see* 28 U.S.C. § 1915(b)(1), and will deny plaintiff's motions for appointment of counsel, without prejudice.

Furthermore, based upon a review of the amended complaint [Doc. #19] and pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will (1) dismiss plaintiff's official-capacity claims against all defendants; (2) order defendants Carl Brawley, Robert Harris, Mary Storz, Unknown McGee, Unknown Browers, and John Doe #1, in their

individual capacities, to file an answer or other responsive pleading to the amended complaint in accordance with the Federal Rules of Civil Procedure; and (3) dismiss the remaining parties and claims, as further stated below.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $36.41, and an average monthly balance of $213.94.  Plaintiff has insufficient funds

-2-

to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $42.79, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.  When faced with alternative explanations for the alleged

-3-

misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 for constitutional violations suffered while he was an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC").  Named as defendants are Dwayne Kempker (Deputy Division Director, Missouri Department of Corrections), and the following ERDCC employees:   Terry Russell (Warden), Carl Brawley (Sergeant), Robert Harris (Correctional Officer), Mary Storz (Correctional Officer), Unknown McGee (Correctional Officer), Unknown Browers (Correctional Officer), Stanley Payne (Functional Unit Manager), John Doe #1 (Shift Commander at ERDCC on December 18, 2011), and Joe Hoffmiester (Assistant Warden).  Plaintiff is suing all defendants in their individual and official capacities.

### Discussion

### I.  Official Capacity Claims

As to plaintiff's § 1983 official-capacity claims, the Court notes that naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  *See*

-4-

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because "[n]either a State nor its officials acting in their official capacity are 'persons' under § 1983," *id.,* the Court will dismiss plaintiff's official-capacity claims against all defendants as legally frivolous under § 1915(e)(2)(B).

## II.  Individual Capacity Claims

### A. Eighth Amendment Claims against Defendants Brawley, Harris, Storz, Browers, McGee, and John Doe #1

Plaintiff alleges that, on December 18, 2011, he was physically assaulted and "severely" pepper-sprayed by defendants Browers, Harris, and McGee, while defendant Storz "stood and watched (video) the incident and did not intervene." Plaintiff further alleges that defendants Browers, Harris, McGee, and Storz "deliberately restrained [his] arms behind his back after . . . knowing that [he] has a medical lay-in to be restrained in the front."  Plaintiff claims that defendants Brawley and John Doe #1 maliciously and sadistically instructed the use of force against him, without any peneological purpose or provocation on his part.  In addition, plaintiff asserts that Brawley knew that plaintiff was only to be restrained in the front, but failed to prevent the others from restraining him from the back.  Plaintiff asserts that, immediately thereafter, defendants Browers, Harris, McGee, Storz, and Brawley denied him medical attention, although they knew he was having breathing complications and was suffering from having been pepper-sprayed.  Plaintiff also

alleges that, immediately after being pepper-sprayed, defendants Brawley and Storz forced him to stay in a segregation cell for more than twenty-four hours; the cell did not have running water, plaintiff was forced to surrender all his clothing, the cell was freezing, he had no blanket or mattress, and the temperature was below 50 degrees.

The Court finds that plaintiff's allegations are sufficient to state Eighth Amendment claims against defendants Brawley, Harris, Storz, Browers, McGee, and John Doe #1.  Accordingly, the Court will order said defendants, in their individual capacities, to file a responsive pleading to the amended complaint, in accordance with the Federal Rules of Civil Procedure.

**B.  Claims against Defendants Russell, Hoffmiester, Kempker, and Payne**

Plaintiff summarily alleges that defendants Russell, Payne, Kempker, and Hoffmiester failed to properly train and supervise their subordinates and "had actual knowledge of a substantial risk of serious harm and failed to respond reasonably." In addition, plaintiff claims that Russell lied to plaintiff's sister, defendant Payne denied plaintiff's internal resolution request, defendants Russell and Hoffmiester denied his grievance, and defendant Kempker denied his grievance appeal "and failed to remedy the wrong."

Because plaintiff has failed to assert any non-conclusory claims against defendants Russell, Payne, Kempker, and Hoffmiester, the Court will dismiss this

action against them.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).  Plaintiff does not set forth any facts indicating that defendants Russell,

Payne, Kempker, or Hoffmiester were directly involved in or personally responsible for the violation of his constitutional rights.

To the extent that plaintiff is complaining that he received a false conduct violation, the Court concludes that his allegations do not implicate constitutionally protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Furthermore, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). For these reasons, this action will be dismissed, without prejudice as to

defendants defendants Terry Russell, Joe Hoffmiester, Dwayne Kempker, and Stanley Payne.

### C. Fourteenth Amendment Claims against Defendants Brawley, Storz, Browers, Harris, John Doe #1, and McGee

Plaintiff alleges that, immediately after being pepper-sprayed, defendants Brawley, Storz, and John Doe #1 placed him in a cell for twenty-four hours, with no access to running water.  He further alleges that defendants Brawley, Browers, Harris, McGee, and Storz violated his Fourteenth Amendment rights when they restrained his arms behind his back.  Liberally construing the amended complaint, plaintiff is alleging a violation of his substantive due process rights under the Fourteenth Amendment.

At this point, it is important to note the difference between constitutional deliberate indifference claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the Eighth Amendment.  United States Supreme Court precedent suggests that these two types of claims should not be conflated.  *See Graham v. Connor*, 490 U.S. 386 (1989).  In *Graham*, the Supreme Court rejected various lower courts' reliance on substantive due process standards in evaluating an excessive-use-of-force claim against a "free citizen," where such claims were covered by explicit provisions in the

Constitution, namely the Fourth Amendment.  *Id*. at 392-95.[1]  Later, in  *Albright v.*
*Oliver*, 510 U.S. 266 (1994), the Supreme Court explained that "[w]here a particular
Amendment 'provides an explicit textual source of constitutional protection' against
a particular sort of government behavior, 'that Amendment, not the more generalized
notion of substantive due process, must be the guide for analyzing these claims.'"
*Albright*, 510 U.S. at 273(quoting *Graham*, 490 U.S. at 395); *see also*, *Thaddeus-X*
*v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999)(applying analytical framework of First
Amendment to plaintiffs' claims they were retaliated against for engaging in the
constitutionally-protected activity of accessing the courts; abrogating the Circuit's
prior decisions imposing Fourteenth Amendment substantive due process test to
prisoners' claims of retaliation in violation of an enumerated constitutional right).

Applying these precepts to the case at bar, the Court concludes that because
plaintiff's deliberate indifference claims relative to being restrained behind his back
and pepper-sprayed and then placed in a cell for twenty-four hours are covered by
explicit provisions in the Constitution, namely the Eighth Amendment, it is the Eighth
Amendment that must be the exclusive guide for analyzing these claims.  In other
words, it is this particular amendment that provides the explicit textual source of

---

[1]More specifically, the Court pointed to the Second Circuit's four-factor
substantive due process test in *Johnson v. Glick*, 481 F.2d 1028, *cert. denied*, 414
U.S. 1033 (1973), as an illustration of what should *not* be used when an enumerated
constitutional right is available as a source of protection.

constitutional protection, and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used.  *See, e.g., Cornell v. Woods*, 69 F.3d 1383, 1387-90 (8th Cir. 1995)(analyzing claim of retaliatory discipline exclusively under First Amendment).  For these reasons, the Court will dismiss, without prejudice, plaintiff's Fourteenth Amendment substantive due process claims against defendants Brawley, Storz, Browers, Harris, John Doe #1, and McGee.

### D.  Claims that Defendants Browers and Harris Used A Racial Slur

Plaintiff alleges that defendants Browers and Harris violated his constitutional rights when they used a racial slur, "nigger," in the course of using excessive force against him.  Plaintiff's claims do not rise to the level of a constitutional violation, and the Court will dismiss them as legally frivolous.  *See Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986)("rough language" generally not actionable under § 1983).

### III.  Motions for Appointment of Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Id.*  After considering these

factors, the Court will deny plaintiff's motions for appointment of counsel, without prejudice, and in so doing, the Court notes that the facts and legal issues involved in the instant case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $42.79 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Docs. #4 and #17] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against all defendants are **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Terry Russell, Joe Hoffmiester, Dwayne Kempker, and Stanley Payne, the Clerk shall not issue process

-12-

or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims against defendants Carl Brawley, Mary Storz, Unknown Browers, Robert Harris, Unknown McGee, and John Doe #1 are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims that defendants Unknown Browers and Robert Harris violated his constitutional rights when they used a racial slur against him are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to plaintiff's remaining Eighth Amendment claims against defendants Carl Brawley, Robert Harris, Mary Storz, Unknown McGee, Unknown Browers, and John Doe #1 in their individual capacities, the Clerk shall issue process or cause process to be issued on the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 5th Day of June, 2013.

-13-

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE