UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KERWIN D. SCOTT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV00255 AGF |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a Missouri state prisoner incarcerated at the Eastern Reception, Diagnostic, and Correctional Center ("ERDCC"), brings this action against the following correctional officers and their supervisors: Defendants Steve Browers, Stephen McGee, Robert Harris, Mary Storz, Carl Brawley, Stanley Payne, Joe Hoffmiester, Terry Russell, Henry Boatright, Dwayne Kempker, Jerry Morgan, Ryan Weber, and John/Jane Does No. 1-10. Plaintiff asserts two counts under 42 U.S.C. § 1983, charging violations of his constitutional rights arising from two separate incidents of assault involving Defendants.

Now before the Court are two motions to dismiss brought by Defendants. In the first motion, Defendants Payne, Hoffmiester, Russell, and Kempker seek to dismiss the claims against them in both Counts for failure to state a claim. (Doc. No. 80.) This motion also seeks to dismiss the claims against all of the Defendants named in Count II for misjoinder. The second motion similarly seeks to dismiss the claims against all Defendants named in Count II for misjoinder. (Doc. No. 65.) For the reasons set forth below, the claims against Defendants Payne, Hoffmiester, Russell, and Kempker in both

Counts shall be dismissed without prejudice for failure to state a claim, and the claims against the remaining Defendants named in Count II shall be dismissed without prejudice for misjoinder.

## **BACKGROUND**

Plaintiff filed this 42 U.S.C. § 1983 action on February 8, 2013. (Doc. No. 1.) At that time, he was proceeding pro se and filed a motion for leave to proceed in forma pauperis. On March 4, 2013, after Plaintiff attempted to amend his complaint by interlineation, the Court granted Plaintiff leave to file an amended complaint. (Doc. No. 12.) Plaintiff filed a pro se first amended complaint on March 28, 2013. (Doc. No. 19.)

The first amended complaint alleged that on December 18, 2011, Defendants Browers, Harris, and McGee (correctional officers) physically assaulted Plaintiff, at the direction of Defendants John Doe No. 1 (shift commander at ERDCC on that date) and Brawley (Sergeant), while Defendant Storz (correctional officer) filmed the incident, all in violation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. (Doc. No. 19 at 8-19.)

The first amended complaint further alleged that Defendants Kempker (Deputy Division Director of Missouri Department of Corrections), Russell (Warden), Hoffmiester (Assistant Warden), and Payne (Functional Unit Manager) (collectively, "Supervisor Defendants") violated Plaintiff's constitutional rights in the following ways: they failed to "properly train" and supervise their subordinates; they "had actual knowledge of a substantial risk of serious harm and failed to respond reasonably"; Defendant Payne lied to Plaintiff's sister about the assault and denied Plaintiff's internal

2

resolution request; Defendants Russell and Hoffmiester denied Plaintiff's grievance; and Defendant Kempker denied Plaintiff's grievance appeal. (Doc. No. 19 at 19-24.) The first amended complaint named all Defendants in their individual and official capacities.

On June 5, 2013, the Court granted Plaintiff's motion to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(e)(2)(B), reviewed the first amended complaint for frivolity. (Doc. No. 24.) The Court held that the first amended complaint contained sufficient allegations to state claims against Defendants John Doe No. 1, Brawley, Browers, Harris, McGee, and Storz in their individual capacities under the Eighth Amendment, but not in their official capacities and not under the Fourteenth Amendment. (Doc. No. 24 at 5-6, 9-10.)

The Court also held that the first amended complaint "failed to assert any non-conclusory claims against [the Supervisor Defendants]" and failed to "set forth any facts indicating that [the Supervisor Defendants] were directly involved in or personally responsible for the violation of [Plaintiff's] constitutional rights." (Doc. No. 24 at 6-8.) Therefore, the Court dismissed the first amended complaint's claims against the Supervisor Defendants without prejudice. (*Id.* at 6-9; *see also* Doc. No. 25.)

Plaintiff thereafter filed a motion to add parties and requested time to file a second amended complaint. (Docs. No. 28 & 40.) On August 2, 2013, the Court instructed Plaintiff to file a second amended complaint within 30 days. (Doc. No. 41.) Plaintiff filed a pro se second amended complaint on August 8, 2013 (Doc. No. 45), and the Court issued an Order instructing the Defendants not to file an answer or other responsive

3

pleading to the second amended complaint until the Court completed its review under 28 U.S.C. § 1915 (Doc. No. 47).

On October 24, 2013, counsel Antoinette T. Schlapprizzi entered her appearance on behalf of Plaintiff. (Doc. No. 59.) Because Plaintiff obtained counsel, the Court granted Plaintiff time to file a third amended complaint, and the Court stated that it would take no action with respect to the Defendants named in Plaintiff's second amended complaint. (Doc. No. 60.)

Plaintiff's counsel, Ms. Schlapprizzi, filed the third amended complaint on Plaintiff's behalf on November 29, 2013.[1] (Doc. No. 61) The third amended complaint contains two Counts.

Count I is based on the December 18, 2011 assault that Plaintiff raised in his first amended complaint. As in the first amended complaint, Plaintiff alleges that on December 18, 2011, Defendants Browers, Harris, and McGee, acting at the direction of Defendant Brawley, entered his cell at ERDCC and assaulted him while Defendant Storz filmed the incident, in violation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. (Doc. No. 61 at 5.)

Count II is a new claim in which Plaintiff alleges that on November 24, 2012, Defendants Morgan, Weber, and John Doe No. 1 (all correctional officers), acting at the direction of Defendant John Doe No. 2 (correctional officer), entered Plaintiff's cell at

---

[1] After briefing on both motions to dismiss closed, the Court granted Ms. Schlapprizzi's motion to withdraw from her representation of Plaintiff and granted Plaintiff's motion to appoint new counsel. (Docs. No. 96 & 101.) On April 15, 2014, the Court appointed attorney Paul E. Stoehr to represent Plaintiff. (Doc. No. 97.)

4

ERDCC and physically assaulted him, also in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments. (Doc. No. 61 at 8.)

In both Counts, Plaintiff alleges that the Supervisor Defendants, as well as Defendants Boatright[2] (correctional officer and shift commander of ERDCC) and John/Jane Does No. 3-10 (unidentified entities, agencies, and individuals that are alleged to have supervisory duties), also violated Plaintiff's Eighth and Fourteenth Amendment rights because:

> [U]pon information and belief, Defendants Payne, Hoffmiester, Russell, Boatright, Kempker, and John/Jane Does #3-10, failed to act reasonably and were deliberately indifferent to the rights of Plaintiff in that said Defendants: failed to implement and/or enforce adequate policies and procedures for conditions of confinement and oversight, care and protection of inmates housed at EERDC [*sic*], including Plaintiff; failed to train or instruct ERDCC's employees, agents and servants in the proper use of force; caused and permitted a custom of cruel and unusual treatment of inmates, including Plaintiff, at ERDCC.

(Doc. No. 61 at 6, 8.) The third amended complaint names all Defendants solely in their individual capacities.

The Supervisor Defendants, who are named in both Counts, move to dismiss Plaintiff's claims against them on the ground that Plaintiff has failed to plead sufficient facts to demonstrate that these Defendants were personally involved in any wrongdoing.

All of the named Defendants also move to dismiss Count II on the ground that Counts I and II are not sufficiently related to permit their joinder in a single action. Defendants argue that Count II does not arise out of the same transaction, occurrence, or series of transactions or occurrences as Count I because it refers to a completely separate

---

[2] Boatright has not joined the Supervisor Defendants' motion to dismiss.

occasion of assault carried out by different defendants almost a year after the incident in Count I occurred.

In response, Plaintiff asserts that the gravamen of his complaint is the failure of prison officials to enforce policies and procedures and to properly train their subordinates in order to prevent assaults like those he experienced while incarcerated at ERDCC. Plaintiff contends that at the motion to dismiss stage, his factual allegations must be accepted as true, and that he has pleaded sufficient facts to demonstrate that the Supervisor Defendants are liable for his injuries as a result of both incidents. Further, Plaintiff contends that, taken together, the two incidents indicate a pattern or series of incidents of abuse, mistreatment, and neglect carried out at ERDCC by the named Defendants. Therefore, Plaintiff argues that the two incidents "arise out of the same transaction or occurrence, or series of transactions or occurrences" and are properly joined together in one suit against all named Defendants. (Doc. No. 68 at 2.)

## DISCUSSION

### Motion to Dismiss Claims Against Supervisor Defendants in Both Counts

To survive a motion to dismiss, Plaintiff's allegations must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id.*[3]

The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Lukien Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that claim is not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (citation omitted).

Like his first amended complaint, Plaintiff's third amended complaint does not set forth facts indicating that the Supervisor Defendants were directly involved in or

---

[3] Although a pro se complaint may be construed more liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), and Plaintiff has at times proceeded pro se in this litigation, Plaintiff's third amended complaint was filed with the assistance of counsel.

personally responsible for the violation of his constitutional rights. In many ways, Plaintiff's third amended complaint contains even less detail than his first amended complaint. Unlike Defendants Brawley and John Doe No. 2, who Plaintiff alleges directly ordered the assaults against him, the Supervisor Defendants are not even alleged to have known about the assaults. Rather, the only allegations regarding the Supervisor Defendants' involvement in the assaults is a single paragraph alleging that the Supervisor Defendants failed to implement and/or enforce adequate policies and procedures for conditions of confinement, failed to train or instruct employees in the proper use of force, and permitted a custom of cruel and unusual treatment of inmates. Similar bare-bones allegations were rejected by the Supreme Court in *Iqbal* as "conclusory and not entitled to be assumed true." *See* 556 U.S. at 680-81 (holding that plaintiff's allegations that supervisory officials "knew of, condoned, and willfully and maliciously agreed to subject [plaintiff] to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest" were "bare assertions" that "amount[ed] to nothing more than a formulaic recitation of the elements" of a constitutional claim). *See also Clay v. Steele*, No. 4:12CV2001 CDP, 2013 WL 5442792, at *2, *4-8, *9-10 (E.D. Mo. Sept. 30, 2013) (dismissing claims against supervisory defendants because plaintiff's allegations that these defendants "fail[ed] to take action against," "fostered," "instructed," "encouraged," "allowed," and "failed to investigate" their subordinates' misconduct were conclusory, and complaint contained "no non-conclusory allegations that would show that the supervisory defendants ordered the correctional officers to impinge upon plaintiff's constitutional

8

rights"). Because Plaintiff does not plead non-conclusory allegations that would demonstrate the Supervisor Defendants' direct involvement in or personal responsibility for the incidents that injured him, Plaintiff's complaint fails to state a plausible claim for relief against these Defendants.

**Motions to Dismiss Claims Against Remaining Defendants Named in Count II**

As an initial matter, the Court notes that both motions to dismiss Plaintiff's claims against the non-Supervisor Defendants named in Count II are improperly brought under Federal Rule of Civil Procedure 12(b)(6). These motions do not assert that Plaintiff fails to state a claim upon which relief can be granted against the non-Supervisor Defendants. Rather, the motions assert that Plaintiff's claims against the non-Supervisor Defendants named in Count II are not sufficiently related to Plaintiff's claims against the Defendants named in Count I to be joined with those claims. Such motions are more appropriately considered under Rule 21. Rule 21 states that while "[m]isjoinder of parties is not a ground for dismissing an action[,] [o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

To determine whether a defendant has been misjoined, the Court looks to Rule 20(a)(2). That Rule states that a plaintiff may join multiple defendants in one lawsuit only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of*

*transactions or occurrences*; and (B) any *question of law or fact common* to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).[4]

"Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions." *Goins v. Russell*, No. 4:14–CV–865–CEJ, 2014 WL 2095336, at *2 (E.D. Mo. May, 20, 2014); *see also Bailey v. Unknown Bros.*, No. 4:10CV2091 HEA, 2011 WL 839566, at *4 (E.D. Mo. Mar. 4, 2011) (holding that where "plaintiff's claims pertain to and arise out of wholly unrelated events, [and] his alleged injuries resulting from the various occurrences are distinctly different," the claims "are not properly joined under Rule 20(a)(2)"); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In this case, Plaintiff's allegations in Count II do not pertain to the same defendants or arise out of the same transactions or series of transactions as those in Count I. Nor do they involve common questions of law or fact. The Court notes that its finding may be different if the third amended complaint included non-conclusory allegations that each of the Supervisor Defendants was directly involved in or personally responsible for both assaults in the same way. *See, e.g. Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974) (holding that where claims alleged the same "company-wide policy" injured each of ten plaintiffs, the claims "arise[] out of the same series of transactions or occurrences" and involve a common question of law or fact sufficient for

---

[4] By contrast, where a plaintiff asserts multiple claims against a single party, Rule 18(a) controls, and that Rule permits the plaintiff to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

joinder under Rule 20(a)).  But without such allegations, there is nothing tying Plaintiff's claims in Count I and Count II together.  The two Counts pertain to and arise out of wholly separate assaults, by different defendants, almost a year apart, and resulting in different injuries.   Each Count will require its own review of the events asserted against different groups of defendants.  Therefore, Plaintiff's claims against the Defendants named in Count I are not properly joined with his claims against the Defendants named in Count II.  *See, e.g., Roberts v. Davis*, No. 4:11CV2007 JAR, 2011 WL 6217047, at *3 (E.D. Mo. Dec. 14, 2011) ("[T]he claims involving defendants Davis, Lacy, and Brown for assault are wholly unrelated to the claims against the remaining defendants for medical mistreatment. As a result, the Court will dismiss the claims against defendants Scroggins, Marler, Steele, Cofer, Collins, Milan, House, McKinney, Yancey, Pearson, and Healm because they are not properly joined."); *Bell v. Dunklin County Jail Adm'r*, No. 1:11–CV–104–SNLJ, 2011 WL 2671928, at *3 (E.D. Mo. July 8, 2011) ("Plaintiff's claims will require their own review of entirely separate events asserted against different defendants or groups of defendants. For these reasons, the Court concludes that the twenty named defendants are not properly joined under Rule 20(a)(2).").

Having found that Counts I and II are not properly joined under Rule 20(a)(2), the Court must determine the appropriate remedy under Rule 21.  Under Rule 21, the Court may drop a party "on just terms" or may sever a claim against a party.  Fed. R. Civ. P. 21.  The Eighth Circuit has followed the lead of other circuits in interpreting Rule 21 "to permit dismissals of parties only if they do not cause gratuitous harm to the parties."  *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (citations omitted).  Gratuitous

harm may result if a misjoined party is dismissed without prejudice after the statute of limitations has run because the dismissal may result in the loss of an otherwise timely claim. *Id.* at 745-46.

Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4), applies to Plaintiff's § 1983 claims. *Sulik v. Taney County*, 393 F.3d 765, 767 (8th Cir. 2005). The event that gave rise to Plaintiff's claims in Count II took place in November 2012, so the statute of limitations has not run on that claim, and no gratuitous harm would result from dismissal without prejudice of the misjoined parties. Therefore, the Court will dismiss Plaintiff's claims against Defendants Morgan, Weber, Boatright, and John/Jane Does No. 1-10 in Count II without prejudice to refiling in a separate action.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss are granted. (Docs. No. 65 & 80.) Plaintiff's claims against Defendants Payne, Hoffmiester, Russell, and Kempker in both Counts of Plaintiff's third amended complaint are **DISMISSED without prejudice**. Plaintiff's claims against Defendants Morgan, Weber, Boatright, and John/Jane Does No. 1-10 in Count II of Plaintiff's third amended complaint are **DISMISSED without prejudice** to refiling in a separate action.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2014.